```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Quintin M. Littlejohn,            )  | **C/A No. 6:10-2904-RBH-KFM** |
| Petitioner,    )  | |
| vs.                                      )  | **Report and Recommendation** |
| Patrick B. Harris Hospital;     )  | |
| NFN Fletcher,                      )  | |
| Respondents.    )  | |

# BACKGROUND OF THIS CASE

Petitioner is a resident of Gaffney, South Carolina, who is now a patient at the Patrick B. Harris Psychiatric Hospital in Anderson, South Carolina. The South Carolina Department of Mental Health operates the Patrick B. Harris Psychiatric Hospital.

Petitioner is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-35 & n. * (4th Cir. 1977). The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton*, President of the United States, Civil Action No. 6:98-1169-13AK. Judge Anderson's order, however, authorizes the Clerk's Office to assign civil action numbers to Petitioner's pleadings for docket control purposes.

In the above-captioned case, Petitioner is challenging an order issued by the Honorable Joshua L. Queen, Probate Judge, which committed Petitioner to the South Carolina Department of Mental Health for mental health treatment. Petitioner appears to be alleging that his family members sought his commitment because of a property dispute.

In addition to habeas corpus relief, Petitioner also seeks a declaratory judgment and $500,000 in cash.

## DISCUSSION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, the *pro se* pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

In any event, the petition indicates that Petitioner has been placed in the Patrick B. Harris Hospital pursuant to an order of a Probate Court. Petitioner specifically refers to Cherokee County Probate Judge Joshua L. Queen.

A review of the petition reveals that petitioner has failed to utilize his state court remedies seeking to challenge an Order of Commitment from the Probate Court. *See Mims v. Alston*, 312 S.C. 311, 440 S.E.2d 357 (1994) (outlining procedure for timely

appeal of involuntary commitment order issued by a Probate Court). *See also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under Section 2241). As such, the petition is subject to summary dismissal.

Furthermore, monetary damages are not available in a habeas corpus action. *See Littlejohn v. South Carolina*, Civil Action No, 6:10-0745-RBH-WMC, 2010 WL 1664889 (D.S.C. April 2, 2010) ("Monetary damages are not available in a habeas corpus action.") (prior civil action filed by Petitioner).

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition be dismissed without prejudice and without requiring the respondents to file an answer or return.

November 17, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).